## CARDOSI v WISE et

Ohio Appeals, 3rd Dist, Allen Co

No 591. Decided Feb 8, 1933

Mackenzie, Weadock & Landis, Lima, for plaintiff in error.

Wheeler, Bentley, Neville & Cory, Lima, and Sylvan Wise, Lima, for defendants in error.

KLINGER, J.

The record in this court, including the bill of exceptions, is quite voluminous, and many assignments of error are laid by plaintiff in error who was plaintiff below.

Those assignments have to do with the admission and exclusion of evidence, charges given at the request of defendant, and so forth.

A motion for a directed verdict for defendant, was made and overruled at the conclusion of plaintiff's evidence, and a like motion was similarly disposed of at the conclusion of all the evidence.

One of the grounds of those motions was that the evidence conclusively showed plaintiff to have fifty feet off the east ends of Inlots 139, 140, 141 and 142.

If there had been a conflict in the evidence on the point of where the east line of the fifty feet owned by plaintiff, is located, the case should have been submitted to the jury. Otherwise, the case rested solely, at the conclusion of the evidence, on a question of law as to where such east line is.

A plat of lands into parcels known as lots, with public thoroughfares or ways known as streets and alleys, is to be interpreted as any other instrument would be pertaining to real estate, such as a deed, mortgage and the like.

Such question is, as a general rule, for the court, especially when complete and unambiguous. Elliott, Roads and Streets, 4th Edition, §§130 and 131, which authority is in line with the rule universally announced by text writers and courts.

That course and distance must give way to monuments in describing lands and tenements, is a rule too thoroughly established, and too universal, to require citation of authority.

A lot, an inlot or an outlot, may be a monument; lines on a plat may be monuments; objects mentioned in a conveyance or on a plat may also be monuments.

Applied to the case at bar, the line on the Plat, at the east of Elizabeth Street, and the line on the Plat, at the west of Cherry Alley must be regarded as monuments; and those lines under the doctrine that monuments control course and distance or that course and distance give way to monuments, as the rule is sometimes stated, the figures appearing in the notes on the Plat, showing the lots to be two hundred feet easterly and westerly, must yield to the actuality of the distance between Elizabeth Street and Cherry Alley,

whatever it may be.

It was the manifest intention of the dedicator, that both the west and east tiers of lots should extend to Cherry Alley.

If Elizabeth and Main Streets and Cherry and Mulberry Alleys were, or any of them was, actually opened when the dedication by plat was made by the dedicator, the latter and his privies became bound by the location wherever it was as to lines or measurements on the plat.

There being, as we have said, no proof showing when and by whom the actual openings or opening to the public was made, it must be presumed, either that the dedicator himself opened them or that the officers of the municipality did so rightfully, that is, with his sanction. In other words, there is a presumption that all those thoroughfares are where the dedicator and the municipality fixed them, and his privies are bound as he would be.

It is as probable that Main Street or Elizabeth Street was erroneously placed as to the Plat, as it is that Cherry and Mulberry Alleys were erroneously placed where they are.

The motion to direct a verdict for defendant should have been sustained, and judgment entered accordingly, and therefore it is unnecessary to determine whether the court erred or whether it did not, in the other procedural steps at the trial.

Before
Judges CROW, KLINGER and KINDER.
KINDER, J, dissents.